Stark Med. Supply Inc. v Foremost Prop. & Cas. Ins. (2024 NY Slip Op 50002(U))

[*1]

Stark Med. Supply Inc. v Foremost Prop. & Cas. Ins.

2024 NY Slip Op 50002(U)

Decided on January 8, 2024

Civil Court Of The City Of New York, Kings County

Epstein, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2024
Civil Court of the City of New York, Kings County

Stark Medical Supply Inc. AAO a/a/o Emmanuel Dorvil, Plaintiff,

against
Foremost Property & Casualty Insurance, Defendant.

Index No. CV-732769-18

Plaintiff: Mikhail Kopelevich
Kopelevich & Feldsherova, P.C.
241 37th Street, Suite B439
Brooklyn, New York 11232
Defendant: Kenneth Popper
Law Offices of Buratti Rothenberg & Burns
90 Merrick Avenue Suite 300 
East Meadow, New York 11554

Jill R. Epstein, J.

Plaintiff, medical provider, Stark Medical Supply Inc. (hereinafter "Plaintiff"), as assignee of Emmanuel Dorvil (hereinafter "Assignor"), commenced this action to recover assigned first-party no fault benefits from Foremost Property and Casualty Insurance (hereinafter "Defendant"), for a medical service performed to the assignor following a motor vehicle accident, which occurred May 29, 2017.
A Summary Judgement order signed by this Court on December 2, 2020 found that the subject bills were received and timely and properly denied. The Order limits the trial to the sole issue of whether the policy was exhausted at the time of the claim.
At trial, held November 29, 2023, defendant called its witness, Megan Scorben, a claims specialist who is employed by for defendant. Ms. Scorben testified that she reviewed the claim log, there was a previous medical payment on this accident, and that at full value there was $1,000 on the policy plus an additional $500 if the motorcycle rider was wearing a helmet. Upon voir dire, plaintiff questioned whether Ms. Scorben personally added in data herself and she replied that she did not. Ms. Scorben also testified that she was not working for the defendant when the payment logs that she was relying upon were created, however she did state that she reviewed and maintained the records in the regular course of her employment responsibilities.
During cross-examination of Ms. Scorben, plaintiff questioned the dates that were input into the log that Ms. Scorben relied upon in her determination that the policy was exhausted. She stated that there was in fact a "typo" and the date should read June, 15, 2017 and that the dates reads June 15, 2018. Plaintiff also questioned the witness' reliance on information in the log that shows that payment was made prior to the incorrect/typo service dates of the bill and Ms. Scorben replied affirmatively.
For a policy exhaustion defense to bar plaintiff from recovery in a no-fault matter, the defendant must " demonstrate that the policy had been exhausted at the time the claims at issue were deemed complete." Ortho Passive Motion, Inc. v Allstate Ins. Co., NY Slip Op 50771 [Application Term 2d 2017]. The Second Department further clarifies that "defendant has not argued, let alone demonstrated, that there was a technical defect or ministerial mistake in the judgment "not affecting a substantial right of a party." Id.
The Court finds that in the matter sub judice, defendant has failed to prove policy exhausted. Firstly, despite the contentions of the defendant and its witness, the incorrect dates in the log is not merely "ministerial mistakes" as the errors "do substantially affect the rights of plaintiff." Id.
Secondly, the log entries do not prove that the policy was exhausted when the "claims at issue were deemed complete." Id. Defendant has failed to provide this court with any evidence, documentary or testimony to successfully establish that the policy was exhausted when the claims were completed. There is nothing beyond the testimony of the witness to show that the date in the log was in error, thus there is nothing to show that the payment preceded the bill herein.
WHEREFORE it is hereby
ORDERED AND ADJUDGED that judgement be entered in favor of plaintiffs in the sum of $1, 281.32 plus filing fees, and interest from July 24, 2018.
Dated: January 8, 2024
Brooklyn, New York
HON. JILL R. EPSTEIN, JCC